of the sum directed to be paid to the plaintiff weekly for her support and maintenance during the pendency of this action. Inability to pay, however, has been held not to be an excuse for failing to comply with an order directing the payment of alimony. Strobridge v. Strobridge, 21 Hun, 288; Ryckman v. Ryckman, 34 Hun, 238; Delanoy v. Delanoy, 19 App. Div. 295, 46 N. Y. Supp. 106; Young v. Young, 35 Misc. Rep. 335, 71 N. Y. Supp. 944. As was said by Mr. Justice Gildersleeve in the case last cited, at page 337 of 35 Misc. Rep., and page 946 of 71 N. Y. Supp.:

"This application cannot be answered by affidavits showing that defendant is unable to make the payments. To procure relief upon that ground he can move to be released from imprisonment. Ryckman v. Ryckman, 34 Hun, 235. He cannot show, in opposition to this motion to punish for contempt, that his pecuniary circumstances are such as to render him unable to pay the moneys required to be paid. Strobridge v. Strobridge, 21 Hun, 288."

Applying the rule laid down in these cases, I have no alternative but to grant this application.

Motion granted. Settle order on notice.

---

## ROTHBARD v. ABELS–GOLD REALTY CO.

(Supreme Court, Appellate Division, Second Department. October 9, 1908.)

1. DEEDS—EXECUTION AND DELIVERY—TITLE.

Title to real estate passes by execution and delivery of deeds, and title, once vested, is not devested because the grantee may hand the deed back to some one.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 16, Deeds, §§ 145, 551.]

2. VENDOR AND PURCHASER—CONTRACTS—NONPERFORMANCE—REMEDIES.

At the time fixed for closing title in a contract for the sale of realty, the vendor was not ready. Postponement was taken, and the vendor inserted a new term in the contract, calling for an additional payment by the purchaser on a designated date. The term was agreed to by the purchaser's agent, who had no authority to alter the contract. The vendor did not demand payment of the additional sum, and on the day set for closing the title he insisted on a forfeiture of the contract for nonpayment thereof. On that day the purchaser tendered the balance of the price and objected to the title. The vendor made no effort to carry out the contract or to dispose of the objections. *Held*, that the purchaser had not forfeited his rights under the contract, and was entitled to recover the partial payments made and the expense of searching the title.

Appeal from Trial Term.

Action for specific performance by Louis Rothbard against the Abels-Gold Realty Company. From a judgment for plaintiff, defendant appeals. Affirmed on the opinion of the court below.

The following is the opinion of Mr. Justice Kelly, at Trial Term:

I think the failure to carry out the contract was caused by the unreasonable and unlawful act of the defendant on June 17, 1907, in insisting that plaintiff's rights under the contract were forfeited because of plaintiff's failure to pay an additional $500 on account of the deposit. On the day fixed for closing the title originally, May 15, 1907, defendant was not ready. The buildings were not completed. The first mortgages to be placed on the property had not been so placed. Plaintiff was entirely within his rights in asking a

postponement. Defendant, knowing that plaintiff was absent from the city. insisted on inserting a new condition, changing the terms of the contract, providing that an additional payment of $500 should be made on May 25, 1907. But the adjournment was agreed on. The $500 was not paid on May 25, 1907, because plaintiff had never agreed to pay it, and the agent who signed the adjournment had no authority to alter the contract, nor was there any reason or consideration for so altering it. The fault was with defendant on May 15th. Nor did the defendant demand payment of the $500. Plaintiff returned to the city about June 1, 1907; but defendant never suggested any claim that the contract was forfeited until the day set for closing, June 17, 1907. On the latter day plaintiff went to defendant's office with the balance of the cash. He made objections as to alleged encroachments reported by his surveyor. One of the objections had some force in fact. The show windows were out 11 inches over the street line; but they were well within the area or stoop line, and there is nothing to show that the character of the neighborhood or the surrounding property makes such projections an objection to the marketability of the title. The claim that the walls encroach seems to me to be disproved. I think the preponderance of the testimony is with the defendant, and I find that the walls do not run over the line.

But, instead of meeting the plaintiff in the endeavor to carry out the contract and to dispose of these objections, the defendant insists that plaintiff's rights are gone, and that the contract is forfeited, because the $500 additional deposit. not provided for in the contract and not previously demanded, was unpaid. Plaintiff had his money with him. He tendered it. No offer of a deed was made by the defendant. Indeed, there is some question on the evidence whether title was in the defendant. Title to real estate passes by execution and delivery of deeds. and title, once vested, is not devested because the grantee may hand the deed back to some one. Plaintiff's counsel on the trial takes the position that the contract was canceled—that it had been rescinded. I do not think the proof warrants a finding that plaintiff had forfeited his rights under the contract, and his right to the $2,500 which he had paid. and I find that he is entitled to a judgment for the return of the money and the expense of searching the title.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and MILLER, JJ.

Edward Snyder, for appellant.
Hirsh & Rasquin, for appellee.

PER CURIAM. Judgment affirmed, with costs, on the opinion of Mr. Justice Kelly at Trial Term.

---

UEBELACKER v. UEBELACKER et al.

(Supreme Court, Special Term, New York County. October 12, 1908.)

1. PARTITION—SALE—RIGHT TO RELIEF FROM BID—DEFICIENCY.
   The purchaser at partition sale·may not be relieved from his bid, but may only have an allowance for the deficiency, where the lot is advertised as 102 feet 5 inches deep, and title fails as to 7 inches at the rear.

2. SAME—ENCROACHMENTS.
   The encroachment, at the time of a partition sale, of wooden steps of adjoining buildings on the lot sold, having been removed, will not relieve the purchaser from his bid.

3. SAME—LIEN OF TAXES.
   The lien of taxes on part of a lot as advertised for partition sale will not relieve the purchaser from his bid; title failing as to such part, and he being made an allowance therefor, so that it will not be included in the deed.